Joseph C. LaVOIE et ux., Appellants,

v.

Max M. KAPLAN, d/b/a Barcelona Apartments, Appellee.

No. 5784.

Court of Civil Appeals of Texas, Waco.

Oct. 6, 1977.

Rehearing Denied Oct. 27, 1977.

John E. Hawtrey, Seymour & Hawtrey, Bryan, for appellants.

Elmer McVey, McVey, Gandy, Mauro & Caperton, Bryan, for appellee.

HALL, Justice.

Joseph C. LaVoie and wife brought this suit against Max M. Kaplan, d/b/a Barcelona Apartments, under the provisions of Article 5236e, Vernon's Ann.Civ.St., alleging that they were former tenants of defendant; that they had made security deposits totaling $200.00 with defendant; and that defendant, acting in bad faith, failed to refund the deposits within 30 days after they surrendered the leased premises. Plaintiffs prayed for the recovery of $100.00 plus treble the amount of the deposits, and reasonable attorney's fees in the sum of $500.00. After trial without a jury, judgment was rendered that plaintiffs take nothing. Costs of the trial were assessed against plaintiffs. We reform the judgment to allow plaintiffs a recovery of $90.00.

In pertinent parts, Article 5236e provides that the landlord shall return to the tenant the balance of any security deposit, together with a written description and itemized list of all deductions (which may include deductions for damages to the premises), within 30 days after the tenant surrenders the premises; that the tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purposes of security deposit refunding; that a tenant's right to security deposit refund and description of damages and charges is never forfeited for mere failure to furnish a forwarding address to the landlord; that a landlord who in bad faith retains a security deposit is liable for $100.00 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant, and shall be liable for reasonable attorneys fees; that failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith; and that, "notwithstanding any other provision of this Act, a landlord is not obligated to return the security deposit or furnish a written description of damages and charges until the tenant has furnished the forwarding address."

The record shows without contradiction that plaintiffs made a security deposit of $100.00 with defendant. Two primary questions are raised under plaintiffs' points of error: does the evidence conclusively establish (1) that plaintiffs in fact made security deposits totaling $200.00 with defendant, and (2) that plaintiffs furnished defendant with a written copy of their forwarding address? A related problem is whether the court ruled correctly in excluding exhibits offered into evidence by plaintiffs.

Excepting witnesses who testified to attorneys fees, the only witness was the plaintiff Joseph C. LaVoie. He testified that

plaintiffs leased the apartment in question from defendant from March 15, 1976, through May 15, 1976, at a rental of $175.00 per month; that before moving in they paid an "apartment placement service" $187.50; that this payment included a security deposit of $100.00 and one-half month's rent of $87.50; that after they moved into the apartment they acquired a dog and were required to make an additional "pet" deposit of $100.00; that they paid additional rent of $175.00 for the month of April, plus $87.50 for the period from May 1st through May 15th; that he gave defendant written notice on April 6th that they intended to vacate the apartment on May 16th; that they moved out on May 17th; that plaintiffs did not give defendant a writing prepared by them setting forth their forwarding address, but that on April 7th he orally gave their forwarding address to "the secretary working there"; that the secretary wrote the forwarding address on defendant's apartment ledger sheet; that he saw the secretary write the forwarding address on the ledger sheet, and saw the ledger sheet again when he turned in his key on May 17th, and the forwarding address was correctly transcribed on the sheet; that plaintiffs did not receive a tender of deposit refund from defendant until sometime in July, 1976; that the tender was by defendant's check in the amount of $90.00; that the check itemized a deduction of $10.00 damages to the apartment for "one hole in the wall"; that they returned the check to defendant; and that they have made unsuccessful demands on defendant for return of their deposits.

Although plaintiffs sued for $200.00 deposits, no issue was made in plaintiffs' pleadings or on the trial over defendant's charge of $10.00 for damage to the apartment or the reasonableness of that charge. The case was prosecuted on the theory that defendant did not refund plaintiffs' deposits within 30 days after they had furnished defendant with a written copy of their forwarding address. The "written copy" they relied upon was the asserted transcription on the ledger card by defendant's apartment secretary.

■ On the trial, a copy of defendant's ledger sheet, and the original ledger sheet, were tendered into evidence by plaintiffs, but both were excluded by the court on defendant's objections. Plaintiffs assign error to the court's rulings. Neither exhibit is a part of the statement of facts. We need not detail the state of the record when the exhibits were offered and the objections were made, but considered in the light of it and especially without the exhibits properly before us we cannot say the court's rulings were incorrect. In oral argument before us plaintiffs referred to a copy of the ledger sheet which is contained in the transcript as part of defendant's answers to written interrogatories. The interrogatories and answers were not offered nor admitted into evidence. Accordingly, they may not be considered as proof in the case. *Richards v. Boettcher*, 518 S.W.2d 286, 288 (Tex.Civ. App.—Texarkana 1974, writ ref'd n. r. e.). Even so, if considered, the exhibit contains notations which could be construed to mean that defendant received plaintiffs' forwarding address on August 11, 1976.

■ Mr. LaVoie's testimony is the only evidence that plaintiffs' forwarding address was written on the ledger sheet by defendant's secretary. The testimony of a party, even though unrebutted, does not conclusively establish a fact upon which he relies. The trial judge, who was the fact-finder, was not required to believe Mr. LaVoie's testimony.

Plaintiffs say that certain conclusions expressly made by the trial court indicate the judgment was based on a finding that plaintiffs failed to give defendant an independently prepared written copy of their forwarding address, and not merely on a finding that the forwarding address was not reduced to writing by defendant's secretary. We have reviewed the conclusions and they are equally compatible with the latter finding. We therefore do not rule on plaintiffs' contention that orally giving defendant's secretary their forwarding address, watching it reduced to writing by the secretary, and then seeing that it was cor-

rectly transcribed, was substantial compliance with the statute.

Three instruments evidencing payments to defendant by plaintiffs are part of the proof. All were introduced by plaintiffs. The first is the receipt to plaintiffs from the apartment placement service, dated March 13, 1976, for $187.50. It recites that it is "For Rent," and says nothing about a deposit. The second is plaintiffs' "Apartment Lease Agreement" with defendant, dated March 31, 1976. It states, "Resident has deposited with Lessor the total sum of $100.00, this being, (a) the apartment deposit $100.00, (b) pet deposit $—0—, (c) furniture deposit $—0—, all of which is hereinafter referred to as 'the deposit.'" The third instrument is a receipt from defendant to plaintiffs dated April 1, 1976, for $275.00. It recites that it is for "$155.00 apartment rental, $20.00 furniture, $100.00 deposit." A space was provided beside the amount stated for deposit for the person writing this receipt to designate either the letter "s" or the letter "p". The receipt contains the letter "s" in this space.

The trial court was justified in believing that the designations "s" or "p" meant "security" or "pet" deposit, that the receipt dated April 1st was for a security deposit and not, as Mr. LaVoie testified, a pet deposit; and that the receipt was made in connection with the execution of the lease agreement. The court was entitled to believe that the March 13th receipt from the placement service was only for rent, as stated on the face of the instrument. Other than Mr. LaVoie's testimony, there was no direct proof that $100.00 of the $187.50 receipted went to defendant as a deposit.

Again, it was the trial judge's prerogative and duty as trier of the facts to consider the interest of the witness, weigh all the proof and ferret out what he believed to be its most credible parts, and make his determinations accordingly. The evidence does not conclusively establish that plaintiffs deposited $200.00 with defendant. Neither does the record establish as a matter of law that defendant acted in bad faith under the statute in question.

As we have previously stated, Article 5236e, provides that a tenant's right to security deposit refund is never forfeited for mere failure to furnish a forwarding address to the landlord. Accordingly, judgment should have been rendered in favor of plaintiffs for the $90.00 which defendant admitted he owed and tendered to plaintiffs on the trial. Nevertheless because defendant was the successful party on the trial, costs were properly taxed against plaintiffs. Rule 131, Vernon's Tex.Rules Civ.Proc.; *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex. Civ.App.—Texarkana 1968, writ ref'd n. r. e.); *Stewart v. Group Health & Life Insurance Company*, 555 S.W.2d 531 (Tex.Civ. App.—Waco 1977, no writ).

The judgment is reformed to provide that plaintiffs shall recover the sum of $90.00 from defendant. As so reformed, the judgment is affirmed.

Costs of this appeal are taxed against plaintiffs. Rule 435, Vernon's Tex.Rules Civ.Proc.; *Stewart v. Group Health & Life Insurance Company*, supra.

Reformed and affirmed.