EDGAR S. DAUGHERTY, DAUGHERTY ENTERPRISES, Appellant,

v.

Mario MORALES, Appellee.

No. 5765.

Court of Civil Appeals of Texas, Waco.

Oct. 6, 1977.

Thomas P. de Steiguer, Austin, for appellant.

Lynn Sanders, Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Daugherty (landlord) from $1890.50 judgment in favor of plaintiff Morales (tenant) in a landlord-tenant case.

Plaintiff Morales sued defendant Daugherty alleging plaintiff rented an apartment from defendant; that at a time when plaintiff was not in default of his rental agreements, defendant wrongfully converted plaintiff's property located in the apartment, and wrongfully retained plaintiff's $50. security deposit.

Defendant answered by general denial, and cross acted for rent due, plus certain other damages.

Trial was to the court which found:

1) Defendant's failure to return plaintiff's $50. security deposit or provide itemized list of charges was in bad faith under the terms of the Texas Security Deposit Act (Art. 5236e).

2) Plaintiff did not abandon the apartment.

3) Defendant wrongfully seized plaintiff's belongings from the apartment

to plaintiff's actual damage of $1. per day for loss of use of same; totalling $441.

4) The monthly rent of the apartment was $79.50 per month.

5) At the time of the wrongful seizure plaintiff owed defendant $130. in rent due and unpaid.

6) Defendant's failure to return plaintiff's belongings damaged plaintiff $250. exemplary damages plus $250. in attorney's fees.

7) Plaintiff's reasonable attorney's fees in prosecution of the Texas Security Deposit Act violation are $750.

The trial court rendered judgment for plaintiff for $1890.50. 1) Treble $50. security deposit, or $150. plus $100. plus $750. attorney's fees, (or $1000. for violation of the Texas Security Deposit Act.) 2) One month's rent of $79.50 less $130. rent owed, plus actual damage of $441. plus exemplary damage of $250. plus $250 attorney's fees, (or $890.50 for wrongful seizure of plaintiff's property).

Defendant appeals on 16 points which we treat as 6 contentions.

1) Points 1–6 assert the trial court erred in awarding $1000. damages for asserted violation of the Texas Security Deposit Act.

2) Points 7–8 assert the trial court erred in awarding $441. actual damage for loss of use of plaintiff's property contending there is no evidence or insufficient evidence to support same.

3) Points 9–10 assert there is no evidence or insufficient evidence to support the finding $130. was due as rent.

4) Points 11–12 assert there is no evidence or insufficient evidence to sustain the finding defendant wrongfully seized plaintiff's belongings.

5) Points 13–14 complain there is no evidence or insufficient evidence to support $250. exemplary damages and $250. attorney's fees for defendant's seizure of plaintiff's property.

6) Points 15–16 complain of the trial court's denial of defendant's damages on his cross-action.

Plaintiff rented an apartment from defendant in June 1975 for $79.50 per month, and made a $50. security deposit. Plaintiff paid the rent for June and July, but did not pay the rent for August. Plaintiff gave defendant a "hold check" for the August rent, and agreed to pay the August and September rent on September 3rd, and receive back the hold check. On September 5th plaintiff had not paid the August and September rent, and on such date telephoned defendant's wife proposing to pay the rent for August and ½ the rent for September, and then move out. Defendant's wife gave plaintiff no reply. Plaintiff spent the night of September 5th with a friend, and returned to his apartment on September 6th to find it was empty and that all of his belongings were gone. He learned defendant had taken his belongings and made effort to obtain their return, including having an attorney write defendant demanding their return plus return of the $50. security deposit. Defendant did not return plaintiff's belongings or the $50. and plaintiff filed this suit.

■ Contention 1 asserts the trial court erred in awarding damages for defendant's failure to return plaintiff's $50. security deposit. Article 5236e VATS provides for such damage against a landlord who in bad faith retains a security deposit.

Here the record is without dispute that plaintiff had given defendant a "hold" check for the August rent under an agreement to pay the August and September rents on September 3rd (and receive the hold check back); and that plaintiff did not pay the August or September rent on September 3rd, or at any time. Under such facts defendant was not in bad faith in not returning the $50. security deposit.

■ Contentions 2 and 4 assert no evidence or insufficient evidence that defendant wrongfully seized plaintiff's belongings; that $441. was suffered by plaintiff for loss

of use of his belongings; and that plaintiff suffered exemplary damages and attorney's fees by reason of the wrongful withholding of plaintiff's property.

Defendant came into the apartment on September 6th and seized plaintiff's belongings and refused to return them for 441 days. Plaintiff's property was for the most part exempt from any landlord's lien. The evidence is ample to sustain the findings as to wrongful seizure and damages for same.

Contention 3 asserts no evidence or insufficient evidence to sustain the finding that $130. in rent was due from plaintiff to defendant, and Contention 6 complains of the trial court's denial of defendant's damages on his cross-action. The evidence is ample to sustain the finding plaintiff owed $130. rent and defendant was credited with this amount. Beyond the $130. rents due, the evidence is ample to sustain the trial court's denial of further damages on defendant's cross-action.

Points 1 thru 6 are sustained; and 7 thru 15 are overruled. The judgment is reformed to delete recovery of $950. awarded for asserted violation of the Texas Security Deposit Act ($1000. less $50. security deposit which has not been repaid); recovery of the $890.50 damages for wrongful seizure of plaintiff's property is affirmed; and as reformed is affirmed in the amount of $940.50 plus interest from January 25, 1977.

Costs of appeal are taxed ½ each against the parties.

REFORMED and AFFIRMED.