**Amanda HOGG, Appellant,**

v.

**Jeff JAECKLE et al., Appellees.**

**No. 1090.**

Court of Civil Appeals of Texas, Tyler.

Jan. 12, 1978.

Rehearing Denied Feb. 23, 1978.

Bill M. Glaspy, Mesquite, for appellant.

Richard Martin, Chancellor & Wood, Dallas, for appellees.

McKAY, Justice.

This is a suit by former lessees to recover a security deposit paid to an owner of a rented house together with treble damages and reasonable attorney's fees. Trial was before the court, and judgment was rendered for appellees for $2,500.00, such sum being treble damages in the amount of $1,500.00, a statutory penalty of $100.00, and attorney's fees of $900.00.

Jeff Jaeckle, Richard Kohlmeyer, Tom Dodd, Randy Moore and Jim Schermerhorn, appellees, brought suit against Amanda Hogg, appellant, alleging that they had entered into a written lease with appellant for leasing a house; that each of them made a security deposit of $100.00 with appellant; that the full rental due for the term of the lease of the house had been paid; that they had notified appellant they would vacate the leased premises on or before the expiration date of the lease; that appellant accordingly accepted possession of the premises; that each of them made demand by and through Jaeckle for the return of the security deposit, and Jaeckle gave appellant his address in writing. Appellees' pleading asks for treble damages of $300.00 each—a total of $1,500.00, a penalty of $500.00 and reasonable attorney's fees.

Appellant's answer alleged that she had no contractual relationship with any of appellees except Jaeckle and Dodd; that only $400.00 was paid as a security deposit; and that oral notice was given to Jaeckle and Dodd, and that written notice was given to Jaeckle, as to why they would not get their deposit returned. Appellant alleged she acted in good faith in failing to return the deposits because the damage to the house exceeded the deposits, and that her claim for damages was communicated to Jaeckle. Appellant also filed a cross-action for the damages she alleged exceeded the security deposits.

As noted above, the trial court rendered judgment for appellees for $2,500.00—treble damages totaling $1,500.00, a statutory penalty of $100.00 and a $900.00 attorney's fee. The trial court made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"1. This action was instituted by five former tenants against their former landlord seeking return of security deposits, treble damages and attorney fees.

"2. Acting on behalf of the other tenants, Plaintiffs Dodd and Jaeckle signed the lease agreement with Defendant and an initial $400.00 security deposit was paid.

"3. Subsequent to the signing of the lease, one of Plaintiffs moved out of the premises, another moved in, and an additional $100.00 was paid as a security deposit for a total deposit of $500.00.

"4. Each tenant moved into the premises with the knowledge and consent of the landlord.

"5. When Plaintiffs quit the premises Defendant was aware that Plaintiff Jaeckle was to receive any security deposit to be returned on behalf of all Plaintiffs.

"6. Defendant received in writing a forwarding address of Plaintiff Jaeckle.

"7. Defendant landlord failed to return the security deposit or any portion thereof and not until the landlord filed herein Cross-Plaintiff's First Amended Petition with Exhibit 'A' attached was a written description and itemization of deductions forthcoming.

"8. With the exception of a deduction for 3 carpets having been ruined, there is a substantial variance between the contents of Exhibit 'A' and other listings of the landlord as to damages to the premises thereby leading to a conclusion that the landlord in fact acted in bad faith and has not overcome the statutory presumption.

"9. A reasonable attorney's fee to be awarded herein is $900.00.

"CONCLUSIONS OF LAW

"1. Having acted in bad faith, the landlord forfeited all rights to withhold any portion of the security deposit.

"2. Tenant Plaintiffs are entitled to recover $100.00, plus treble the $500.00 security deposit and $900.00 attorney's fees."

■ Appellant's points 1 and 2 complain that the trial court erred in finding that the total security deposits paid by appellees to appellant were $500.00 because such finding was at variance with the terms of the written lease and that there was no legally sufficient or factually sufficient evidence to support such variance. Appellant argues that evidence that there was $500.00 paid by appellees to appellant as security deposits was inadmissible and without probative force because such evidence violated the parol evidence rule. We disagree. The rental contract contained the figure $400.00 as security deposits made, while appellees testified that a total of $500.00 was paid to appellant as security deposits, the difference arising from an additional $100.00 paid after the contract was signed. The parol evidence rule does not prevent a written instrument to be later modified or changed by the parties by an oral agreement. *David Berg & Co. v. Ravkind*, 375 S.W.2d 317, 321 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); 2 McCormick & Ray, Texas Law of Evidence, sec. 1671, p. 515 and citations thereunder.

Although points 1 and 2 appear to be multifarious, we will dispose of appellant's contentions that there was no evidence or insufficient evidence to support the finding of the trial court that appellees paid $500.00 in security deposits. Appellee Jaeckle testified that a total of $400.00 had been paid at the time of the execution of the lease and that $100.00 had been paid later to appellant, and that the $100.00 payment was part of a check for a larger sum which he sent or delivered to appellant. In view of this evidence, we hold that there was evidence before the court which was both legally and factually sufficient for the court to find that appellees made security deposits totaling $500.00. In an action tried to the court without a jury the trial court is the trier of the facts and is the judge of the credibility of the witnesses and the weight to be given their testimony. *Jones v. Young*, 539 S.W.2d 901, 904 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.). Appellant's points one and two are overruled.

By her points three, four and six appellant contends that the trial court erred (1) in awarding appellees the statutory penalty and treble damages because all the evidence shows that appellant acted in good faith; (2) in holding appellant's bad faith was presumed under Article 5236e, V.A.C.S., since she did comply with said article after receiving Jaeckle's letter of July 14; and (3) in finding that appellees proved all the elements of their case—in particular that appellant acted in bad faith.

Article 5236e provides in part that security deposits must be refunded by the landlord to the tenant within thirty days after the tenant surrenders the premises; a tenant must give advance notice of surrender as may be required by the rental agreement, but advance notice may not be a condition for refund unless the requirement of advance notice is underlined or printed in bold print in the rental agreement; the landlord shall keep accurate records of all security deposits; if actual cause exists for retaining all or any portion of the security deposit, the landlord shall return to the tenant the balance of the deposit, if any, together with a written description and itemized list of all deductions; the burden of proving the reasonableness of such damages or charges is on the landlord; a landlord who in bad faith retains a security deposit in violation of the act is liable for $100.00 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant and shall be liable for reasonable attorney's fees in a suit to recover the security deposit; a landlord who in bad faith fails to provide a written description and itemized list of damages and charges as required by the act forfeits all rights to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises and is liable to the tenant for reasonable attorney's fees in a suit to recover the security deposit; in a suit by the tenant the landlord bears the burden of proving that his retention of the security deposit or any part thereof was reasonable, and the landlord is not liable for the penalty, treble damages or attorney's fees unless the landlord is found to have acted in bad faith; failure to return a security deposit within thirty days or failure to provide a written description and itemization of deductions within thirty days is prima facie evidence and a presumption that the landlord acted in bad faith; a tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purpose of security deposit refunding.

Appellant testified that she and Jaeckle and Dodd, together, inspected the house on May 15, 1975, and that in their presence she made notes of the items of damage discovered in the inspection; that she wrote Jaeckle's name on the list, and because she misspelled his name Jaeckle corrected the spelling and wrote his address under his name. She further testified that she mailed an itemized list of damage to the house to Jaeckle on May 22, 1975, to the address given by Jaeckle to her on May 15, 1975. Jaeckle testified he never received the list. On June 17, 1975, appellant received a letter from an attorney, Patrick A. Teeling, demanding return of the security deposits of $500.00, and appellant then contacted and employed counsel to represent her. She testified that her lawyer, Bill Glaspy, talked with Teeling by telephone in her presence, and she understood Glaspy would send an itemized damage list to Teeling. Glaspy testified he gave Teeling by telephone a statement of the damages claimed by appellant, and that Teeling was to call him back but never did. This suit was filed on October 23, 1975, by counsel to whom Teeling had referred the case, together with his file. After suit was filed appellant furnished an itemized list of damages by attaching such list to her cross-action.

This being a trial before the court the trial court was the trier of the facts, was the judge of the credibility of the witnesses and the weight to be given their testimony, and, therefore, the trial judge could believe or disbelieve any witness. Whether points three, four and six were intended as no evidence points or insufficient evidence points, we overrule them.

There is some evidence to support the findings of the trial court that appellant acted in bad faith under the record and the language of Article 5236e, and we hold the evidence is factually sufficient. "Bad Faith" has been defined as a breach of faith; willful failure to respond to plain, well understood statutory or contractual obligations; lack of good faith; improper motive. 5 Words and Phrases "Bad Faith" p. 14 et seq.; Black's Law Dictionary, Revised 4th Edition. Points 3, 4 and 6 are overruled.

By her point five appellant maintains that the trial court erred in not giving her credit for the damages proved by her cross-action. The trial court having found that appellant acted in bad faith in failing to provide a written description and itemized list of damages, section 4(b) of Article 5236e would cause appellant to forfeit her right to withhold any portion of the security deposit or to bring suit against the tenant for damages, and would make her liable for reasonable attorney's fees for the tenant who brings suit to recover the security deposit. This point is overruled.

Judgment of the trial court is affirmed.