Jay FIKES, Individually, and d/b/a Fikes and Associates, a Partnership, and d/b/a King's Park Apartments, Appellant,

v.

Christopher McCandless TULL, Appellee.

No. 9001.

Court of Civil Appeals of Texas, Amarillo.

April 16, 1979.

**912**

Griffith & Brister, Bill H. Brister, Lubbock, for appellant.

Miller, Miller & Tull, John H. Tull, Jr., Amarillo, for appellee.

REYNOLDS, Justice.

The question is whether, and we hold that, recovery of statutory penalties for the retention of a tenant's security deposit beyond the time allowed by statute is, in the absence of evidence of a reasonable excuse for delay, proper even though the deposit is eventually returned. Affirmed.

Appellee-tenant, Christopher McCandless Tull, giving both timely advance notice of his intention to do so and a forwarding address to which his $75 security deposit was to be sent, vacated, on 1 January 1978, the apartment he was leasing from appellant-landlord, Fikes and Associates. It was not until some fifty-three days later, on 23 February 1978, after Tull made several inquiries about the security deposit and retained an attorney that the deposit was actually returned. Tull cashed the check and, thereafter, filed this suit, seeking statutory penalties for Fikes's bad-faith retention of the security deposit in violation of Tex.Rev.Civ.Stat.Ann. art. 5236e (Supp. 1978).

A non-jury trial produced a judgment decreeing that Tull recover $800 from Fikes, consisting of: $150 in treble damages (three times the $75 deposit, less the $75 actually refunded); $100 statutory penalty; and attorney's fees of $250. Findings of fact and conclusions of law were requested of and made by the court. Appealing upon four points of error, Fikes presents two basic contentions: (1) by accepting and cashing the $75 deposit return Tull either has no cause of action under Article 5236e or is estopped from asserting such; and (2) the court erred in finding bad faith.

Fikes's first contention is refuted by the language of the statute itself. The statute establishes a remedy and penalty, not for the *failure* to return the security deposit, but for the bad faith *retention* of the deposit, section 4(a),[1] more than thirty days after the tenant surrenders the premises, section 2(a), provided the tenant has given advance notice of surrender as required by the rental agreement, section

---

1. All sections cited are sections of Tex.Rev.Civ.Stat.Ann. art. 5236e (Supp.1978).

2(a), and has furnished a forwarding address, section 6(a). *Cf. Edgar S. Daugherty, Etc. v. Morales,* 556 S.W.2d 639, 640 (Tex.Civ.App.—Waco 1977, no writ) where the court held that Article 5236e provides for damages against a landlord who retains a security deposit in bad faith. Consequently, Tull's acceptance and later cashing of the deposit return check neither vitiated his Article 5236e cause of action nor estopped him from properly asserting such.

Fikes's second contention is predicated on an excerpted, recorded dialectic which it reads as the trial court's conclusion that bad faith exists as a matter of law once the thirty-day period has passed. Although the court's cited comments are not so specific, Fikes is correct when he says the expiration of the thirty-day period does not of itself provide automatic recovery by the tenant as a matter of law. Section 4(c) provides:

> Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith.

This provision has been viewed as establishing an inference which permits, but does not compel, a fact finding of bad faith when rebutting evidence is offered; but in the absence of rebutting evidence, the presumption does compel a finding of bad faith. *Wilson v. O'Connor,* 555 S.W.2d 776, 780 (Tex.Civ.App.—Dallas 1977, writ dism'd).

The trial court arrived at the legal conclusion, without making an express factual finding of bad faith, that Fikes violated Article 5236e by wrongfully withholding and retaining in bad faith Tull's security deposit. The failure to make a factual finding of bad faith, however, is not fatal to the cause for two reasons: (1) there is an implied finding of bad faith, and (2) the section 4(c) presumption of bad faith has not been rebutted.

The trial court made the following findings of fact: (1) Tull fulfilled all conditions precedent required by the lease for return of the security deposit; (2) he left with Fikes a letter stating his forwarding address; (3) the deposit was retained beyond the thirty-day period allowed by law; and, (4) in effect, no actual cause existed for retaining any portion of the security deposit. These findings have not been attacked and are therefore binding upon this court. *Bilek v. Tupa,* 549 S.W.2d 217, 220 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). These four findings plus a further finding of bad faith would allow a recovery under Article 5236e. Bad faith as an omitted unrequested element of the Article 5236e ground of recovery will be presumed found in support of the court's judgment if there is evidence of such. Tex.R.Civ.P. 299; *Allied Building Credits, Inc. v. Grogan Builders Supply Co.,* 365 S.W.2d 692, 695 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.).

Tull gave more than thirty days notice of his intention to vacate the apartment he was leasing from Fikes and subsequently did so on 1 January 1978. The apartment manager sent a letter to Fikes and Associates dated 24 January 1978 stating that Tull's apartment was clean and well kept and that he was entitled to a refund of his $75 deposit. After the thirty-day period had passed, Tull made repeated demands for the deposit but did not receive it until fifty-three days after he moved. Fikes made no claim that it was entitled to retain any portion of the security deposit to cover any damages or charges for which Tull may have been liable, and, in fact, gave no explanation or excuse whatsoever for the retention of the deposit beyond the statutory period of thirty days. Thus, the evidence supports an implied finding of bad faith.

Moreover, a finding of bad faith is compelled by the facts of this case. Section 4(c) establishes a presumption of bad faith when a security deposit is retained beyond the thirty-day period. A true presumption invokes a rule of law which compels the fact finder to reach a conclusion in the absence of contrary evidence. *Farley v. M M Cattle Company,* 529 S.W.2d 751, 756 (Tex.1975). Fikes, by failing to bring forth

any evidence of reasonable excuse, has not rebutted the statutory presumption. A finding of bad faith is thereby compelled. *Wilson v. O'Connor, supra,* at 780.

Fikes's four points of error are overruled. The judgment of the trial court is affirmed.