**Bob TAMMEN et ux., Appellants,**

v.

**Tom PAGE et ux., Appellees.**

No. 5432.

Court of Civil Appeals of Texas, Eastland.

July 12, 1979.

Rehearing Denied Aug. 9, 1979.

T. L. Rees, Thompson, Rees & McKinney, Colorado City, George E. Gilkerson, Lubbock, for appellants.

Patrick D. Barber, Colorado City, for appellees.

DICKENSON, Justice.

Tom Page and wife, Beverly Page, (Tenant) sued Bob Tammen and wife, Diane Tammen, (Landlord) over a dispute concerning Landlord's failure to return Tenant's security deposit. Landlord filed a cross-action for damages to the property. After a nonjury trial involving several witnesses and a stipulation that $350 would be a reasonable attorney's fee for whoever was entitled to recover attorney's fees, the trial court resolved most of the factual disputes in favor of Tenant. Judgment was rendered against Landlord for the statutory penalty of $100, treble damages of $75, and attorney's fees. Landlord appeals. We affirm.

The trial judge made the following findings of fact:

1. After the Tenant vacated the premises where this lawsuit arose, the Tenant furnished the Landlord with a written copy of the Tenant's forwarding address for purposes of security deposit refunding.

2. The security deposit was in the amount of $100.

3. The Landlord failed to return to the Tenant any of the security deposit and failed to provide a written description and itemized list of all charges, damages and deductions from the security deposit at any time.

4. That over and above the Landlords' mere failure to provide the Tenant a written description of charges and damages to be deducted from the security deposit, credible evidence exists for this Court to find that the Landlord's failure to do so was also done in bad faith, and this Court so finds. This finding of bad faith is based upon evidence adduced at the trial on the merits in addition to the prima facie evidence and the presumption arising from the Landlord's failure to provide the written description and itemized list of deductions.

5. This Court finds that $75 was a reasonable sum to cover the cleaning of the residence and grounds in question and that $25 of the $100 security deposit was wrongfully withheld from the Tenant by the Landlord in bad faith.

6. That with the exception of a portion, in the amount of $75, of the cleaning charges referred to in Finding No. 5 above, the other charges and damages alleged in Landlords Cross-Action are not supported by credible evidence.

7. The Landlord impliedly waived the advance notice moving provision in the Landlord's contract and no damages for lack of advance notice was shown by the Landlord.

Landlord has briefed eight points of error. The first two points argue that the trial court erred in finding Landlord in "bad faith" under Article 5236e, Tex.Rev.Civ. Stat.Ann. (Supp.1978) because (1) there is insufficient evidence to support such finding and (2) such finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. These points are overruled. The Landlord relies upon *Wilson v. O'Connor*, 555 S.W.2d 776 (Tex.Civ.App.-Dallas 1977, writ dism'd), in which the majority opinion states:

The crucial question on this appeal is what evidence is required to rebut the presumption of bad faith which arises if it is shown that the landlord did not return the deposit or furnish an itemized list of deductions within thirty days. Does "bad faith" mean simply that he intended not to refund the deposit within

thirty days, or does it mean that he intended to deprive the tenant of the refund to which the tenant was entitled? We conclude that in this context "bad faith" implies an intention to deprive the tenant of the refund lawfully due.

We note that in *Wilson v. O'Connor*, supra, the appellate court noted that:

> the trial court made no effort to decide the fact issue of whether appellant acted in bad faith in the sense that she dishonestly intended to retain the deposit.

In this case, the trial court specifically found that Landlord's failure to provide Tenant a written description of charges and damages to be deducted from the security deposit was done in bad faith, stating:

> This finding of bad faith is based upon evidence adduced at the trial on the merits in addition to the prima facie evidence and the presumption.

The record does contain evidence, and it is sufficient, to support the trial court's finding of bad faith. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). As pointed out in *Wilson v. O'Connor*, supra, after rebutting evidence was introduced by Landlord, the "prima facie evidence" remained which would permit, but not compel, a fact finding of bad faith. While we might not have reached the same conclusion as the trial judge, we are not permitted to substitute our judgment for his. *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320 (Tex.1964). See also *Fikes v. Tull*, 580 S.W.2d 911 (Tex.Civ.App.-Amarillo 1979, no writ).

 The next three points of error argue that the trial court erred in finding that $25 of the $100 security deposit was wrongfully withheld because (3) there is no evidence or (4) insufficient evidence to support such finding and (5) such finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. These points are overruled. Landlord argues that the trial court decided the matter by "picking out of the air of a figure" when there was no evidence that $75 was the expense incurred in cleaning the property or repairing the damages.

Landlord cites *Michaux v. Koebig*, 555 S.W.2d 171 (Tex.Civ.App.-Austin 1977, no writ) for the statement that:

> Since Article 5236e provides for award of attorney's fees, it is penal in nature. Such statutory provisions allowing for collection of attorney's fees are in derogation of the common law and must be subject to strict construction.

Even under a strict construction of the statute, the record compels us to hold that there is evidence which is legally and factually sufficient to support the trial court's finding that $75 was a reasonable sum to cover the cleaning and that the other damages alleged by Landlord were not established. *In re King's Estate*, supra. The trial judge was entrusted with the responsibility of deciding these disputed issues. He was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. He could believe all, or merely a part, of the testimony of each of the witnesses. Landlord had the burden of proof on these defensive issues, and he failed to convince the fact finder. See Section 3(a) of Article 5236e, supra.

The last three points of error argue that the trial court erred in finding that Tenant furnished Landlord with a written copy of Tenant's forwarding address for the purpose of security deposit refund because (6) there is no evidence or (7) insufficient evidence to support such finding and (8) such finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule these points.

Section 6(a) of Article 5236e, supra, provides that:

> The tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purposes of security deposit refunding. A tenant's right to security deposit refund and description of damages and charges is never forfeited for mere failure to furnish a forwarding address to the landlord. Notwithstanding any other provision of this Act, a landlord is not obligated to return the security deposit or furnish a written de-

scription of damages and charges until the tenant has furnished the forwarding address.

The record shows that shortly after Tenant vacated the premises, an oral request for refund of the security deposit was made. A few days later, Tenant's attorney wrote a demand letter to Landlord which referred to Article 5236e, supra, and which directed that Tenant's security deposit be mailed to the attorney's office. Landlord admitted the receipt of this letter, but no reply was made to Tenant or to Tenant's attorney. More than thirty days later this suit was filed.

■ Landlord insists that Tenant, not his agent or attorney, must personally furnish Tenant's forwarding address to Landlord before the penalties of this statute can be imposed. We disagree. We hold that a tenant may furnish the written notice through an agent or attorney and that the "tenant's forwarding address for purposes of security deposit refunding" can be the address of the tenant's agent or attorney.

Landlord cites *Michaux v. Koebig*, supra, and *La Voie v. Kaplan*, 556 S.W.2d 641 (Tex. Civ.App.-Waco 1977, writ dism'd). *Michaux* held that the printed address on a check given for rent is not sufficient compliance with Section 6(a), supra. *La Voie* declined to rule on a tenant's contention that orally giving the landlord's secretary his forwarding address, watching it reduced to writing by the secretary, and then seeing that it was correctly transcribed, was substantial compliance with the statute.

Tenant cites *Hogg v. Jaeckle*, 561 S.W.2d 568 (Tex.Civ.App.-Tyler 1978, no writ), where five lessees of a rented house each made a $100 security deposit. One of the five tenants gave the landlord his address in writing for the return of all five deposits. The court held this notice sufficient for all five tenants to recover their deposits plus the statutory penalties and attorney's fees.

The judgment of the trial court is affirmed.