Leland M. JOHNSON, Appellant,

v.

HUIE PROPERTIES, Appellee.

No. 20067.

Court of Civil Appeals of Texas, Dallas.

Nov. 27, 1979.

Rehearing Denied Feb. 26, 1980.

quired by section 6(a). The tenant appeals from a take-nothing judgment rendered on the jury verdict. We hold as a matter of law that the landlord's notice did not comply with the statute and that the tenant furnished statutory notice. Accordingly, we reverse and render.

The applicable provisions of article 5236e are as follows:

Section 5(b): On cessation of the owner's interest in the premises (whether by sale, assignment, death, appointment of a receiver, or otherwise), the owner remains liable for security deposits received by the owner or his agent until such time as *the new owner or his agent has delivered to the tenant a signed statement, acknowledging that the new owner has received and is responsible for the tenant's security deposit.* The acknowledgment shall specify the exact dollar amount of the tenant's security deposit. [Emphasis added.]

. . . . .

Section 6(a): The tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purposes of security deposit refunding. A tenant's right to security deposit refund and description of damages and charges is never forfeited for mere failure to furnish a forwarding address to the landlord. . .

On January 31, 1977, during the tenancy, the landlord sold the apartment complex, Knight Place Apartments, to Tottenham Court, N.V., Inc. In due course a notice was sent to the tenant in the following form:

NOTICE TO KNIGHT PLACE TENANTS

Effective February 1, 1977, the Knight Place Apartments are being sold to Tottenham Court, N.V., Inc. February rent and all succeeding rent payments should be made payable to Knight Place Apartments for the credit of the new owners. According to our records, your rent deposit status, and pet deposit status, if applicable, is as indicated below. These

John M. Gillis, Dallas, for appellant.

D. August Boto, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

STOREY, Justice.

Leland Johnson, a tenant, sued Huie Properties, the landlord, for recovery of a security deposit. In answer to special issues the jury found that the landlord had furnished to the tenant a notice of cessation of ownership required by Tex.Rev.Civ.Stat. Ann. art. 5236e § 5(b) (Vernon Supp. 1978–79); and that the tenant had failed to furnish the notice of forwarding address re-

deposits are being transferred to the new owner along with your Lease Agreement. The same lease terms will prevail and it will be necessary for you to live up to the terms of your lease to qualify for any deposit refund if and when you vacate your apartment at Knight Place. Thank you for having been a Huie Properties tenant.

Sincerely,

HUIE PROPERTIES

Don Mayfield

General Manager

/ke

The landlord contends this notice is sufficient to comply with section 5(b).

 While the notice may be sufficient to advise a tenant of the party to whom future rents should be paid, it falls short of the requirement of section 5(b) that the new owner or his agent acknowledge *receipt of as well as responsibility for* the security deposit. In the absence of an acknowledgment of responsibility, the tenant has no cause of action against the new owner because the deposit was not paid to him. But the landlord contends that, as a condition of the sale, it had agreed to furnish the notice as agent for the new owner. The notice contains no language from which an agency could be inferred nor is there evidence elsewhere in the record which would tend to put the tenant on notice that the landlord was acting as agent for the new owner. If agency be assumed, however, the notice still lacks the vital element required by the statute, namely, the new owner's acknowledgment of responsibility. We hold that the notice was insufficient to comply with the statute.

We hold also that the notice required of the tenant was given. It is conceded that the tenant failed to provide written notice of his forwarding address to the landlord at the time the tenant vacated the premises. The tenant contends, however, that his attorney's demand letter to the landlord was sufficient notice. We agree. The record shows that several months after vacating the premises, the tenant employed counsel, who made a written demand upon the land-

lord for return of the deposit. In *Tammen v. Page*, 584 S.W.2d 914 (Tex.Civ.App.-Eastland 1979, no writ), this fact situation was before the court and that court held that a tenant may furnish written notice through an agent or attorney. That court further held that the tenant's forwarding address for purposes of security deposit refund can be the same as that of the agent or attorney. *See also Hogg v. Jaeckle*, 561 S.W.2d 568 (Tex.Civ.App.-Tyler 1978, no writ) (where one of five lessees gave his address in writing for return of all five deposits). We hold, therefore, that the written demand of the tenant's attorney was sufficient notice under section 6(a).

We also agree with the tenant's contention that the landlord failed to present evidence to rebut the presumption of bad faith raised by section 4(c) which provides in part that failure to return a security deposit or failure to furnish a written itemization of deductions within thirty days is prima facie evidence and a presumption that the landlord acted in bad faith. Section 4(c) also places the burden on the landlord to prove that his retention of the deposit was reasonable. No finding on the issue of bad faith was made by the jury because the issue was conditioned upon an affirmative answer to the issue on the tenant's notice. Neither party objected to the conditional submission, nor did either party request an issue on bad faith. However, in the absence of rebutting evidence offered by the landlord, the presumption raised by article 5236e compels a finding of bad faith. *Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex.Civ.App.-Dallas 1977, writ dism'd). No rebutting evidence was offered by the landlord for its failure to refund the deposit. Accordingly, under article 5236e, bad faith on the part of the landlord was established as a matter of law.

It may be contended that, although insufficient to relieve it of liability, the landlord's attempt to furnish the notice required of it is nevertheless evidence in rebuttal of the bad faith presumption. The facts do not support this contention. The landlord's general manager, Don Mayfield, who was

also a part owner of the company, testified that he had knowledge of a landlord's responsibilities respecting security deposits and that he was aware that the landlord would remain liable for the return of security deposits until a new owner acknowledged responsibility. He also testified that the landlord retained the security deposits as a credit against the purchaser's note when Knight Place Apartments were sold. As a condition of the credit, the purchaser agreed to indemnify Huie Properties for any loss occasioned by a tenant's demand. These facts were not revealed, however, to the tenant or his attorney except during trial, although Mayfield had discussed the matter of refund with the tenant's attorney prior to the filing of suit. These facts present no reasonable ground for withholding the deposit, nor do they tend to demonstrate any good faith effort on the part of the landlord to explain its failure to return the deposit. We conclude that these facts do not constitute evidence in rebuttal of the presumption of bad faith.

In *Wilson v. O'Connor,* this court concluded that bad faith, in the context of article 5236e, implies an intent to deprive the tenant of the deposit. 555 S.W.2d at 780. In that case the landlord was away on vacation for more than thirty days after notice was sent. However, the fact that she responded immediately upon her return and discovery of the notice tended to show her lack of intent to deprive the tenant of the deposit. On the other hand, the landlord here had ample opportunity, after demand was made upon it, to refund the deposit and call upon its purchaser for reimbursement. It failed to do so, and, as a consequence, the tenant was forced to the time and expense of suit to recover that which was lawfully due him. Consequently, in the absence of any rebutting evidence offered by defendant, the presumption of bad faith in the statute prevails.

If the landlord is found to have acted in bad faith, it is liable for reasonable attorney's fees under section 4(a). No issue was submitted on attorney's fees because the record reveals none was necessary. The landlord stipulated that four hours expended by the tenant's first attorney at a rate of $75.00 per hour was reasonable and that an additional eight and one-half hours expended by the tenant's trial attorney at a rate of $60.00 per hour was also reasonable. We accept this stipulated testimony and compute a reasonable attorney's fee of $810.00 through the trial of the case. No stipulation was made concerning attorney's fees on appeal. Consequently, because appellant failed to request an issue, he has waived his right to recover for attorney's fees on appeal.

Accordingly, the judgment is reversed and judgment here rendered that appellant recover under article 5236e, $100.00 as penalty plus treble the amount of the deposit, which sum trebled is $525.00, and attorney's fees in the sum of $810.00. All costs are taxed against the landlord.

### ON MOTION FOR REHEARING

■ In its motion for rehearing, the landlord, points out for the first time that the letter written by the tenant's attorney to the landlord contained no forwarding address, either of the tenant or of his attorney, so that the landlord would know where to return the security deposit. The landlord argues, therefore, that because the tenant failed to give the notice required by article 5236e, bad faith and liability on the landlord's part are negated. We agree with this contention and accordingly affirm the judgment of the trial court.

A tenant's obligation concerning return of a security deposit is set forth in section 6(a) of article 5236e:

The tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purposes of security deposit refunding . . . *Notwithstanding any other provision of this Act, a landlord is not obligated to return the security deposit or furnish a written description of damages and charges until the tenant has furnished the forwarding address.* [Emphasis added.]

The letter from tenant's attorney to the landlord gives only tenant's former address and requests that the deposit be refunded. Although the letter is signed by the tenant's attorney, neither his letterhead nor the tenant's new address is shown. The question is, therefore, whether this letter, a carbon copy of which was admitted into evidence, is sufficient to comply with article 5236e. We hold that it is not.

In our original opinion, we cited *Tammen v. Page*, 584 S.W.2d 914 (Tex.Civ.App.-Eastland 1979, writ ref'd n. r. e.), for the proposition that a tenant may furnish written notice through an attorney and that the attorney's address was sufficient for purposes of security deposit refund. Although we still adhere to that view, we cannot extend *Tammen* to apply to the facts of this case. In *Tammen*, the tenant's attorney wrote the landlord a demand letter specifically requesting the landlord to mail the security deposit to the attorney's office. In this case, however, the attorney's letter failed to apprise the landlord of any forwarding address. Moreover, there is no testimony by either the landlord or the tenant's attorney that this letter contained any such address. This letter failed, therefore, to constitute proper notice under the statute. Because proper notice by the tenant is a condition precedent to any obligation on the landlord's part to return his security deposit, we hold that the tenant in this case failed to discharge his obligation, thereby relieving the landlord of liability.

In view of this holding, the trial court's submission of special issue number one, concerning whether the new owner acknowledged receipt of tenant's security deposit, was harmless error. Tex.R.Civ.P. 434. Consequently, our previous judgment is withdrawn, and the judgment of the trial court is in all things affirmed.