**Albert W. RUTH et ux., Appellants,**

v.

**IMPERIAL INSURANCE COMPANY,
Appellee.**

**No. A1972.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 7, 1979.

**524**

K. Michael Mayes, Dale Harvill, Harvill & Hardy, Houston, for appellants.

Tom A. Connally, Russell H. McMains, J. E. Williams, Jr., Fulbright & Jaworski, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

MILLER, Justice.

This is an appeal from a judgment denying Albert and Norma Ruths' petition for declaratory judgment.

The Ruths claim that they and residents of their household under 21 years of age were insureds under a standard homeowner's insurance policy issued by Imperial Insurance Company, and that the policy included the usual duty to defend any suit alleging personal injury and damages brought on by negligence of the named insureds as well as an obligation to pay all sums that they may become legally obligated to pay up to TWENTY–FIVE THOUSAND DOLLARS ($25,000.00). The policy expressly excluded bodily injury caused intentionally by or at the direction of the insureds.

On July 11, 1974, the Ruths filed an unsworn petition for a declaratory judgment against the insurance company alleging that they had been sued on March 22, 1974, by several third parties [Cause No. 975,790 *Eric W. Runfeldt, et ux., v. Albert W. Ruth, et al.*], in a district court of Harris County, Texas; that the suit fell within the coverage of their homeowner's policy; and that after demand the insurance company refused to honor their duty to defend or to pay any judgment within the policy limits which might be rendered against them. The Ruths' petition included two exhibits: A photocopy of their certificate of insurance and a photocopy of the petition served them in Cause No. 975,790. They prayed for court judgment declaring the insurance company bound to defend and to pay any judgment up to and including TWENTY–FIVE THOUSAND DOLLARS ($25,000.00) rendered against them.

The Imperial Insurance Company, in an unsworn answer, asserted a general denial; that the insureds failed to comply with the notice provisions of the policy; and that the basis of the claim was an "intentional injury", not covered by the policy.

In a non-jury trial, the court rendered judgment denying the Ruths' prayer for a declaratory judgment. The findings of fact and conclusion of law, in essence, stated that the plaintiffs failed in their entire burden of proof so that a legitimate controversy, a necessity to prevail in a declaratory judgment suit, was lacking.

The Ruths appeal on 18 points of error. Two separate statements of facts were submitted. The first statement is accepted by both parties and in order to clarify the problems in this appeal, it is reproduced verbatim as follows;

BY MR. HARVILL:

We would offer the plaintiffs' original petition and the attachment thereto and incorporated thereto and incorporated therein and rest.

BY MR. CONNALLY:

Your Honor, I think that would entitle me to judgment as a matter of law. The facts alleged in the petition may or may not be true. We don't even know there is a liability case against him or the facts are true. If that is the case we will also rest although I think that's a mistake.

BY THE COURT:

Why don't ya'll give me some law on this.

This offer then by Mr. Harvill, appellants' attorney and the response of Mr. Connally, appellees' attorney and the statement by the Court constitutes all of the trial before the court. At this point, the trial court did not rule on whether the offer of evidence by appellant was admitted into evidence or not.

The second statement of facts appears to be a short continuation of the same trial with an objection by appellees to the receipt in evidence of the policy and arguments by both parties to the court on their respected contentions. The appellants object to this additional statement as both parties had rested. There was no further evidence offered therein and no rulings by the court. The only substance is an objection by the appellee that the proffered "policy" of insurance shows on its face that it is not complete as there are conditions and provisions in the actual policy which are not reflected in the "certificate" relied on by the plaintiffs.

It is irrelevant to our decision whether the "additional statement of facts" is part of the official record or not.

■ It is the responsibility of the insured to allege and prove that his claim came within the coverage sued upon. *Kirk v. Standard Life & Accident Insurance Co.,* 475 S.W.2d 570 (Tex.Sup.1972). In the instant case, the appellants had to prove that there was a policy of insurance in effect which covered the occurrence in question as well as to negate any exclusions or limitations contained in the policy which were pled as defenses by the defendant. *Sherman v. Provident Insurance Company,* 421 S.W.2d 652 (Tex.Sup.1967). The plaintiffs offered their petition with the attached exhibits into evidence and rested. The admissibility of these as evidence was within the province of the trial judge and is a preliminary question of fact to be determined by the court. 1 C. McCormick & R. Ray, Texas Evidence § 2 (2nd ed. 1956); *Massie v. Hutcheson,* 296 S.W. 939 (Tex.Civ.App.—Amarillo 1927, writ ref'd). The trial judge neither admitted nor excluded the offer.

■ The person offering testimony has the burden of showing its admissibility. *Luvual v. Henke & Pillot, Division of Kroger Company,* 366 S.W.2d 831 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Further, the plaintiff's burden of producing evidence and proving his case must include obtaining a ruling of his offer. Evidence which is not admitted cannot be considered proof in the case. *LaVoie v. Kaplan,* 556 S.W.2d 641 (Tex.Civ.App.—Waco 1977, writ dism'd); *Carr v. Central Music Company,* 494 S.W.2d 280 (Tex.Civ.App.—Austin 1973, no writ). In a non-jury trial the judge is the trier of facts so it is his prerogative and responsibility to weigh the proof and its credibility. *LaVoie v. Kaplan, supra.* Even if the attached petition was considered by the trial judge, he is presumed to make his decision on the competent and admissible evidence. This petition of the Runfeldts, which is before this court in transcript as allowed by Tex.R.Civ.P. 372(e), is a copy of the copy received by the Ruths. Tex.Rev. Civ.Stat.Ann. art. 3720 (1926), provides a method of authentication by certification if the original judicial record would itself be admissible. It has been held to apply to pleadings. *Wren v. Howland,* 33 Tex.Civ. App. 87, 75 S.W. 894 (1903, writ ref'd). Without such authentication, the attached petition has little if any value.

■ In the absence of competent proof of a third party's suit which falls within the coverage of the liability of the insurance contract, the application for declaratory judgment fails. A determination of whether an insurance company is liable to pay damages on its policy in an as yet unlitigated claim is not an appropriate suit for a declaratory judgment; the question of a company's duty to defend presents a justiciable issue, if proved. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.Sup.1968).

We need not consider any other points of error. Even if the trial court erred in all respects, of which the appellants complain, their failure to prove an essential element of their case precludes the necessity to decide these issues.

We therefor affirm the ruling of the trial court.

Affirmed.