ACCEPTED
05-13-00191-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/26/2015 10:22:18 PM
LISA MATZ
CLERK

IN THE COURT OF APPEALS
FIFTH DISTRICT OF TEXAS AT DALLAS

CASE NO. 05-13-00191-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/26/2015 10:22:18 PM
LISA MATZ
Clerk

BALTASAR D. CRUZ,
Appellant,

v.

JAMES VAN SICKLE, KARL-THOMAS MUSSELMAN D/B/A
BURNT ORANGE REPORT and KATHERINE HAENSCHEN,
Appellees.

On Appeal from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-09275-H-R

APPELLANT'S SECOND MOTION FOR EN BANC RECONSIDERATION OF
COURT OF APPEALS' OPINION OF DECEMBER 3, 2014

Baltasar D. Cruz
Texas Bar No. 05196150
P.O. Box 600823
Dallas, Texas 75360
email: BaltasarDCruz@aol.com
telephone: (214) 369 - 9058
telecopier: (732) 875 - 0792

APPELLANT PRO SE'

ORAL ARGUMENT IS REQUESTED

TO THE HONORABLE COURT OF APPEALS:

NOW COMES BALTASAR D. CRUZ, Appellant, and pursuant to Rule 49.7 of the Texas Rules of Appellate Procedure files this, *Appellant's Second Motion for En Banc Reconsideration of Court of Appeals' Opinion of December 3, 2014*, and in support of same respectfully shows:

I.

Background

Appellant was an unsuccessful candidate for Judge of the 162nd District Court in the 2012 Dallas County Democratic Party Primary.

Appellee VAN SICKLE wrote[1] an article[2] stating, in relevant part, that Appellant was "thrown out ... by the police of an Elizabeth Edwards book signing event in Dallas several years ago", which was first published on the "Burnt Orange Report" website on September 6, 2011 and continues to be published thereon at:

http://www.burntorangereport.com/diary/11353/whos-on-first-2012-dallas-county-edition

The above-referenced article also contains the following statement written by Appellee MUSSELMAN: "*OK Dallas readers - time to chime in and tell us how you feel about this! - promoted by Karl-Thomas Musselman.*" (CR p. 53)

"Burnt Orange Report" is an assumed name used by Appellee MUSSELMAN.[3]

The  "Burnt Orange Report" website is, and was at all relevant times, edited by Appellee

---

[1] See Appellee VAN SICKLE's responses to Requests for Admission Nos. 1 and 2 (CR p. 184).

[2] CR pp. 53-55

[3] See Appellee MUSSELMAN's response to Request for Admission No. 3 (CR p. 168).

HAENSCHEN[4] and owned by Appellee MUSSELMAN.[5]

Appellees MUSSELMAN and HAENSCHEN have the ability to alter the content of the above-referenced article or to remove it altogether from the Burnt Orange Report website. (RR, Vol. 3, at 41:12-42:7)

The assertion that Appellant was "thrown out ... by the police of an Elizabeth Edwards book signing event in Dallas several years ago" is entirely false.[6]

Appellant's assertion, in the Statement of Facts of *Appellant's Amended Brief*, that the statement that Appellant was "thrown out ... by the police of an Elizabeth Edwards book signing event in Dallas several years ago" is entirely false was uncontradicted by Appellees in their briefs.

This Court issued its *Opinion* in this case on December 3, 2014.

Appellant filed *Appellant's Motion for En Banc Reconsideration of Court of Appeals' Opinion of December 3, 2014* in this cause on December 18, 2014.

This Court denied *Appellant's Motion for En Banc Reconsideration of Court of Appeals' Opinion of December 3, 2014* in this cause in an Order issued on January 9, 2015.

This motion is being filed on the Monday following the Saturday expiration of 15 days after the issuance of this Court's *Order* of January 9, 2015, denying *Appellant's Motion for En*

---

[4] See Appellee HAENSCHEN's response to Request for Admission No. 10 (CR p. 178).

[5] See Appellee MUSSELMAN's Response to Request for Admission No. 5 (CR p. 168).

[6] See the *Affidavit of Baltasar D. Cruz*, attached as Exhibit "A" (CR pp. 163-164, par. 5) to *Plaintiff's Objections and Response to Defendant James Van Sickles' Motion to Dismiss Under Citizen's Participation Act and to Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report's and Katherine Haenschen's Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code* (CR pp. 140-187, Appendix 28 [to *Appellant's Amended Brief*]).

*Banc Reconsideration of Court of Appeals' Opinion of December 3, 2014.*

II.

Argument

Appellant respectfully requests reconsideration en banc by this Court of Appellant's appeal and this Court's *Opinion* of December 3, 2014 because:

(A) the trial court's award of attorney's fees to Appellee VAN SICKLE, which was affirmed by this Court in its *Opinion* of December 3, 2014, was based on no evidence whatsoever that VAN SICKLE *incurred* any attorneys' fees or expenses, as contemplated under Sec. 27.009(a)(1) TCPRC, presented at the hearing (SRR at pp. 3-93) on VAN SICKLE's attorney's fees nor in the affidavit of Melissa Bellan[7], which was filed but never introduced into evidence at the hearing on Appellees' attorneys' fees;

(B) no copy of VAN SICKLE's attorney fee agreement was attached to the affidavit of Melissa Bellan[8] nor produced by VAN SICKLE in response to Appellant's requests for disclosure, and this Court has failed to address whether the trial court abused its discretion in overruling Appellant's objections that the failure to attach a copy of VAN SICKLE's attorney fee agreement to Melissa Bellan's affidavit[9] and to produce same renders her affidavit testimony concerning VAN SICKLE's purported attorney's fees inadmissible pursuant to the "best evidence" rule (i.e., Rule 1002 Tex.R.Ev.) in its *Opinion* of December 3, 2014;

(C) Appellant adequately preserved his objections to the introduction by Appellee VAN

---

[7] Third Supplemental Clerk's Record ("CSR3") at pp. 27-29 and attachments at pp. 30-71.

[8] CSR3 at pp. 27-29 and attachments at pp. 30-71.

[9] CSR3 at pp. 27-29 and attachments at pp. 30-71.

SICKLE of any evidence concerning VAN SICKLE's attorney's fees;

(D) this Court erred in holding in its *Opinion* of December 3, 2014 that an affidavit which has been filed in the trial court need not be introduced into evidence and admitted into evidence in order to be considered as evidence concerning the cost and necessity of an attorney's services under Ch. 18 TCPRC;

(E) the trial court's holding that Appellant VAN SICKLE incurred attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC, must be reversed because Appellant was wrongfully prohibited from presenting evidence to the contrary in the trial court; and

(F) the trial court and the court of appeals erred in concluding that an award of attorney's fees under Sec. 27.009(a) TCPRC is mandatory and this holding is inconsistent with a prior holding of another Texas court of appeals.

The trial court's award of attorney's fees to Appellee VAN SICKLE, which was affirmed by this Court in its *Opinion* of December 3, 2014, was based on no evidence whatsoever that VAN SICKLE *incurred* any attorneys' fees or expenses, as contemplated under Sec. 27.009(a)(1) TCPRC, presented at the hearing (SRR at pp. 3-93) on VAN SICKLE's attorney's fees nor in the Affidavit of Melissa Bellan[10], which was filed but never introduced into evidence at the hearing on Appellees' attorneys' fees.

**The Affidavit of Melissa Bellan[11] does not state that VAN SICKLE has been charged any legal fees, nor that he is responsible for the payment of any legal fees, nor that he has been billed for any legal fees**. Therefore, the trial court abused its discretion in awarding any

---

[10] Third Supplemental Clerk's Record ("CSR3"; at pp. 27-29 and attachments at pp. 30-71.

[11] CSR3 at pp. 27-29.

attorney's fees to Van SICKLE and the Court of Appeals was mistaken in concluding that Appellee VAN SICKLE presented any evidence that VAN SICKLE has "incurred" any attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC.

In its *Opinion* of December 3, 2014, this Court correctly recognized that a party only incurs attorney's fees if they are liable to their attorneys for the payment of same and properly concluded that because Appellees HAENSCHEN and MUSSELMAN are being represented *pro bono* in this litigation, they incurred no attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC.

However, this Court concluded that the Affidavit of Melissa Bellan[12] (which was never introduced into evidence) constituted "some evidence" that VAN SICKLE "incurred", i.e., was liable to his attorneys for the payment of, the legal fees VAN SICKLE seeks to recover in this case. However, **the Affidavit of Melissa Bellan[13] contains no statement that VAN SICKLE is liable to his attorneys for the payment of any legal fees or expenses under his attorney fee agreement with his attorneys for representing him in this matter.**

Paragraph 3 of the Affidavit of Melissa Bellan[14] states:

3.      Our firm was retained by James Van Sickle to represent him in this lawsuit initiated by Baltasar D. Cruz.  **There have been reasonable and necessary expenses associated with our firm's representation of Mr. Van Sickle.  Our firm has also charged legal fees** that are usual and customary charges for similar litigation, considering time and labor required, the novelty and difficulty of the questions and issues considered, skill requisite to perform the services provided, and the customary fees charged by others for equivalent work.  These fees and expenses were necessary for the representation of Mr. Van Sickle.

---

[12] CSR3 at pp. 27-29.

[13] CSR3 at pp. 27-29.

[14] CSR3 at pp. 27-29.

Although **the foregoing paragraph** contains an assertion that "there have been reasonable and necessary expenses associated with" the representation of VAN SICKLE and that legal fees have been "charged", it is **notably devoid of any assertion that VAN SICKLE is liable to his attorneys for the payment of any fees nor that any fees have been charged to VAN SICKLE** – as opposed to Appellant, or to Ms. Bellan's own law firm, or to nobody at all!

Paragraph 4 of the Affidavit of Melissa Bellan[15] states:

4.      Attached to this affidavit as EXHIBIT 1 is a true and correct copy of our firm's invoice (no. 1074) for services rendered between August and November of 2012.  Attached to this affidavit as EXHIBIT 2 is a true and correct copy of our firm's invoice (no. 1081)for services rendered in December 2012.  Attached to this affidavit as EXHIBIT 3 is a true and correct copy of our firm's invoice (no. 1081) for services rendered in January 2013.  I am in charge of this file and can testify as to the reasonable and necessary fees for staff and other attorneys who have worked on this case at Buchanan and Bellan, L.L.P.

**The foregoing paragraph is also notably devoid of any assertion that the invoices attached thereto were ever sent to VAN SICKLE or that VAN SICKLE is liable for the payment of same to his attorneys, and the invoices themselves show that no attorneys fees have ever been paid by VAN SICKLE and that no retainer funds were ever collected from VAN SICKLE.**

Paragraph 5 of the Affidavit of Melissa Bellan[16] states:

5.      The total reasonable and necessary fees through January 31, 2013 are $31,783.75.  The total reasonable and necessary expenses through January 31, 2013 are $533.90.  Defendant Van Sickle requests total fees and expenses in the amount of $32,317.65.  These attorneys fees and expenses are related to this suit filed in the state of Texas, where I am licensed to practice law.

**The foregoing paragraph is also notably devoid of any assertion that VAN SICKLE**

---

[15] CSR3 at pp. 27-29.

[16] CSR3 at pp. 27-29.

**is liable to his attorneys for the payment of any attorney's fees or expenses.**

Paragraph 6 of the Affidavit of Melissa Bellan[17] states:

6.      This litigation remains ongoing, thus fees and expenses will continue to accrue as this litigation progresses in the trial court and, if necessary, the appellate court level.  Additional fees and expenses will be necessary as this litigation progresses and such fees will be also reasonable and necessary for the defense of this suit."

**The foregoing statement is also devoid of any assertion that VAN SICKLE is liable to his attorneys for the payment of any attorney's fees or expenses.**

**The mere fact that "invoices" have been generated, which the Affidavit of Melissa Bellan does not indicate have ever been sent to VAN SICKLE nor that VAN SICKLE has any obligation to pay, cannot reasonably be construed as evidence that VAN SICKLE has "incurred" (i.e., is liable for) any legal fees, as contemplated under Sec. 27.009(a)(1) TCPRC.** *American Heritage Capital, L.P. v. Gonzalez*, 436 S.W.3d 865, 877 (Tex.App.–Dallas 2014, no pet.).

No copy of VAN SICKLE's attorney fee agreement was attached to the affidavit of Melissa Bellan[18] nor produced by VAN SICKLE in response to Appellant's requests for disclosure, and this Court has failed to address whether the trial court abused its discretion in overruling Appellant's objections that the failure to attach a copy of VAN SICKLE's attorney fee agreement to Melissa Bellan's affidavit[19] and to produce same renders her affidavit testimony concerning VAN SICKLE's purported attorney's fees inadmissible pursuant to the "best

---

[17] CSR3 at pp. 27-29.

[18] CSR3 at pp. 27-29 and attachments at pp. 30-71.

[19] CSR3 at pp. 27-29 and attachments at pp. 30-71.

evidence" rule (i.e., Rule 1002 Tex.R.Ev.) in its *Opinion* of December 3, 2014.

In addition, no copy of VAN SICKLE's attorney fee agreement was attached to the affidavit of Melissa Bellan[20], and this Court has failed to address whether the trial court abused its discretion in overruling Appellant's objections[21] that the failure to attach a copy of VAN SICKLE's attorney fee agreement to Melissa Bellan's affidavit and to produce same in response to Appellant's requests for disclosure renders her affidavit testimony concerning VAN SICKLE's purported attorney's fees inadmissible pursuant to the "best evidence" rule (i.e., Rule 1002 Tex.R.Ev.). Appellant specifically addressed this issue at pp. 100-101 of *Appellant's Amended Brief*, wherein Appellant stated that "the trial court abused its discretion in overruling Appellant's objections that ... [Appellees'] failure to produce their attorney fee agreements in response to requests for disclosure and to have introduced same into evidence in support of their requests for attorneys' fees violated the 'best evidence' rule (i.e., Rule 1002 Tex.R.Ev.)."

Because Appellant VAN SICKLE's counsel admitted that she had a written fee agreement with VAN SICKLE (SRR 29:8-10, 88:6), which Appellant VAN SICKLE did not produce in response to Appellant's requests for disclosure, and Appellant objected (at SRR at 29:12-13, 33:8-16, 33:22-24, 34:17-19, 37:17 - 38:2, and 44:6-12) and in *Plaintiff's Motion to Reconsider Order Granting Defendants' Attorneys' Fees and for Ruling on Objections to Affidavits Introduced Into Evidence by Defendants at March 14, 2013 Hearing on Defendants' Request for Attorneys' Fees* (CSR3, pp. 129-215, at pp. 140-141) that the "best evidence" rule

---

[20] CSR3 at pp. 27-29.

[21] See SRR at 29:12-13, 33:8-16, 33:22-24, 34:17-19, 37:17 - 38:2, and 44:6-12 and *Plaintiff's Motion to Reconsider Order Granting Defendants' Attorneys' Fees and for Ruling on Objections to Affidavits Introduced Into Evidence by Defendants at March 14, 2013 Hearing on Defendants' Request for Attorneys' Fees* (CSR3, pp. 129-215, at pp. 140-141).

(i.e., Rule 1002 Tex.R.Ev.) precluded VAN SICKLE from introducing any evidence that he had incurred any attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC, without having presented his attorney fee agreement into evidence nor produced same in response to discovery, the trial court abused its discretion in considering any evidence that VAN SICKLE *incurred* any attorney's fees, even if *any* evidence of VAN SICKLE's attorney's fees was actually offered into evidence by Appellee VAN SICKLE at the March 14, 2013 hearing on Appellees' attorney's fees – and none was, as evidenced by the reporter's record of said hearing (SRR at pp. 3-93).

Appellant adequately preserved his objections to the introduction by Appellee VAN SICKLE of any evidence concerning VAN SICKLE's attorney's fees.

Appellant would also point out that Appellant objected in the trial court to:

(A) the introduction by Appellee VAN SICKLE of any evidence concerning VAN SICKLE's attorney's fees because VAN SICKLE had not produced his attorney fee agreement in response to requests for disclosure, which Appellant asserted at the hearing on Appellees' request for attorneys' fees (SRR at 29:12-13; 33:8-16, 33:22-24, 34:1-3, 34:17-19; 35:15-23, 37:8-38:2, 44:6-12, 52:18-22, 65:20-66:3) and in *Plaintiff's Motion to Reconsider Order Granting Defendants' Attorneys' Fees and for Ruling on Objections to Affidavits Introduced Into Evidence by Defendants at March 14, 2013 Hearing on Defendants' Request for Attorneys' Fees* (CSR3, pp. 129-215, at pp. 140-141); and

(B) the introduction into evidence of "any evidence of Defendant Van Sickle's attorneys' fees pursuant to both Rule 193.6 Tex.R.Civ.Pro. and the best evidence rule under Rule 1002 of the Texas Rules of Evidence" "[b]ecause Defendant Van Sickle's attorney Melissa Bellan judicially admitted on the record at the hearing conducted on March 14, 2013 that her law firm has a written fee agreement with Defendant Van Sickle, and Van Sickle has not produced same

in response to requests for disclosure", which Appellant asserted at par. 5.3 of *Plaintiff's Motion to Reconsider Order Granting Defendants' Attorneys' Fees and for Ruling on Objections to Affidavits Introduced Into Evidence by Defendants at March 14, 2013 Hearing on Defendants' Request for Attorneys' Fees* (CSR3, pp. 129-215 at pp. 140-141).

The above-referenced objections to Appellee VAN SICKLE being permitted to introduce any evidence that he incurred any attorneys' fees should have been sufficient to preserve Appellant's issues on appeal concerning Appellee VAN SICKLE's failure to have actually offered her affidavit into evidence since they clearly establish that Appellant objected repeatedly in the trial court to the admissibility and sufficiency of Appellee VAN SICKLE's purported evidence that he incurred any attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC. In fact, *Appellant repeatedly objected and argued in the trial court that Appellee VAN SICKLE had introduced no evidence that he incurred any attorney's fees*, as contemplated under Sec. 27.009(a)(1) TCPRC, *at the hearing on Appellees' attorneys' fees*. *See* SRR 43:15-21 and 99:6-12.

<u>This Court erred in holding in its *Opinion* of December 3, 2014 that an affidavit which has been filed in the trial court need not be introduced into evidence and admitted into evidence in order to be considered as evidence concerning the cost and necessity of an attorney's services under Ch. 18 TCPRC.</u>

In its *Opinion* of December 3, 2014 (at p. 20), this Court also erred in holding that an affidavit which was filed in the trial court need not be introduced into evidence at a hearing to determine a party's attorney's fees under Sec. 27.009(a) TCPRC in order to be considered as evidence concerning the cost and necessity of an attorney's services under Ch. 18 TCPRC. However, **Sec. 18.001(d) TCPRC specifically states that: *"The party offering the affidavit in***

**evidence** or the party's attorney must serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case."  Therefore, Sec. 18.001(d) TCPRC expressly contemplates that affidavits filed under Ch. 18 TCPRC must be *offered into evidence* in order to be considered as evidence.

In *Alphonso v. Deshotel*, 417 S.W.3d 194, 201 (Tex.App.–El Paso 2013, no pet.) the El Paso Court of Appeals held that "Appellees failed to satisfy their burden to put forth evidence regarding their right to recover attorney's fees and costs" because they "did not attach to any of their pleadings documents supporting the award of attorney's fees and costs, nor did they prove their entitlement to fees and costs at the hearing on their motion to dismiss."  The Court of Appeals in *Alphonso v. Deshotel*, supra, at p. 201, further stated that:

> The transcript of the hearing reveals that though Appellees offered the affidavit of Michael Moran, their counsel of record, in support of their request for attorney's fees and costs, the trial court neither admitted nor excluded the offer. Instead of ruling on the offer of evidence, the trial court permitted Alphonso to file objections, if any, to the affidavit within a rasonable time after the hearing. Alphonso filed his objections three days after the hearing.  One week later, the trial court granted the motion to dismiss and – despite never having admitted Moran's affidavit inot evidence or ruled on Alphonso's objections – Awarded Appellees the attorney's fees and costs requested by them.  The trial court erred, however, in awarding attorney's fees and costs.
>
> Appellees['] burden in producing evidence and proving their entitlement to attorney's fees and costs included obtaining a ruling on their offer of Moran's affidavit. [citations omitted]  **'Evidence which is not admitted cannot be considered proof in the case.'** [citation omitted] It is presumed that the trial court makes its decision based 'on the competent and admissible evidence before it when it acts. [citation omitted] Here, because Appellees never obtained a ruling from the trial court admitting Moran's affidavit into evidence, there was no competent proof of attorney's fees and costs before the trial court when it awarded attorney's fees and costs to Appellees.  See Gilbert v. City of El Paso, 327 S..W.3d 332, 337-338 (Tex.App.–El Paso, no pet.) (<u>concluding that there was no evidence to support the award of appellate attorney's fees because affidavits and supporting documents to establish the amount of attorney's fees were never admitted and instead the trial court simply entered a final judgment awarding fees</u>).

As in *Alphonso v. Deshotel*, supra, in this case Appellees' attorney's affidavits concerning their purported attorney's fees were never admitted into evidence by the trial court. Furthermore, VAN SICKLE's attorney's affidavit was never even *offered* into evidence by VAN SICKLE at the hearing on Appellees' attorneys' fees! (SRR at pp. 3-93)

Although MUSSELMAN's and HAENSCHEN's attorney attempted to offer the affidavit of Charles Babcock into evidence at the hearing conducted on March 14, 2013 (SRR at 6:6-11) and Appellant objected to same as well as to the affidavit of Melissa Bellan (which was never offered into evidence) at said hearing (SRR at 8:15-20; 23:23-25; and 33:5 - 38:2) and in *Plaintiff's Response to Defendants' Briefs on Attorneys' Fees and Objections to Affidavits Introduced Into Evidence by Defendants at March 14, 2013 Hearing on Defendants' Request for Attorneys' Fees* (CSR at pp. 115-125), which the trial court expressly permitted Appellant to file subsequent to said hearing (SRR at 89:13-90:20), neither the affidavit of Charles Babcock nor the affidavit of Melissa Bellan, nor any other exhibit, was ever admitted into evidence (see SRR 8:22-25) in support of Appellees' claims for attorneys' fees either at that hearing nor by any subsequent order of the trial court. Furthermore, ***VAN SICKLE never offered any evidence on his attorneys' fees* at the March 14, 2013 hearing on Appellees' attorneys' fees (SRR at pp. 3-93) nor was the affidavit of Melisa Bellan attached to any motion filed by VAN SICKLE. The trial court , therefore, abused its discretion in awarding attorneys' fees to Appellees when no testimony was presented concerning same, VAN SICKLE introduced no exhibits into evidence on his attorneys' fees, and none of MUSSELMAN's and HAENSCHEN's exhibits were ever admitted into evidence by the trial court on their purported attorneys' fees.**

Appellant further objected to the admission of any evidence concerning Appellees' attorney's fees at the hearing on Appellees' attorney's fees (SRR at 8:15-20; 23:23-25; 33:5 - 38:2; and 44:6-12) and in:

(a) *Plaintiff's Objections and Response to Defendants' Request for Attorneys' Fees* (CR at pp. 281-307);

(b) *Plaintiff's Supplemental Objections and Response to Defendants' Request for Attorneys' Fees and Response to "BOR Defendants' Brief on the Recovery of Attorneys' Fees Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code"* (CR at pp. 372-457); and

(c) *Plaintiff's Second Supplemental Objections and Response to Defendants' Request for Attorneys' Fees* (CSR3 at pp. 74-84).

Furthermore, the Texas Supreme Court has held that a trial court may not take judicial notice of the reasonableness off attorney's fees – which is effectively what the trial court has done in this case – in passing on a motion for summary judgment. *Coward v. Gateway National Bank*, 525 S.W.2d 857, 859 (Tex.1975); see also *Garcia v. Martinez*, 894 S.W.2d 806, 807 (Tex.App. – Corpus Christi 1994, no writ) (stating that a trial court cannot take judicial notice of attorneys' fees without a hearing on the evidence; "where there is absolutely no testimony given at trial concerning attorney's fee, the reasonableness of such a fee is a question of fact and must be supported by competent evidence"); see also *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 752 (Tex.App.–Houston[14th Dist.] 2005, no writ) (holding that a party's failure to introduce affidavit concerning reasonableness and necessity of attorney's fees, which was previously filed in the trial court, into evidence at trial resulted in a failure to meet its burden of proof concerning its attorney's fees at trial).

If a trial court may not take judicial notice of a party's attorney's fees in the context of a motion for summary judgment nor award attorney's fees after a trial based upon an affidavit concerning cost and necessity of services which was not admitted into evidence at trial, then it reasonably follows that a trial court should not be able to award of attorney's fees based exclusively upon an affidavit which was neither offered nor admitted into evidence at a hearing to determine what attorney's fees a party incurred, as contemplated under Sec. 27.009(a) TRCP.

In addition, *Appellant repeatedly objected and argued in the trial court that Appellee VAN SICKLE had introduced no evidence that he incurred any attorney's fees*, as contemplated under Sec. 27.009(a)(1) TCPRC, *at the hearing on Appellees' attorneys' fees*. *See* SRR 43:15-21 and 99:6-12. **These objections and arguments reasonably encompass the objection and argument that Appellee VAN SICKLE failed to introduce the affidavit of Melissa Bellan into evidence at the hearing on Appellees' attorney's fees.**

This Court's holdings that Appellant waived any objection to the affidavit of Melissa Bellan because Appellant failed to specifically object in the trial court that the affidavit of Melissa Bellan was never introduced into evidence and that an affidavit concerning attorney's fees filed under Ch. 18 TCPRC must not be introduced into evidence in order to support an award of attorney's fees are inconsistent with:

(a) Appellant's repeated objections in the trial court that *Appellee VAN SICKLE had introduced no evidence that he incurred any attorney's fees*, as contemplated under Sec. 27.009(a)(1) TCPRC, *at the hearing on Appellees' attorneys' fees* (SRR 43:15-21 and 99:6-12);

(b) Appellant's objections in the trial court[22] to the admissibility of the affidavit of

_____

[22] See SRR at 8:15-20; 23:23-25; 33:5 - 38:2; and 44:6-12 as well as:
(a) *Plaintiff's Objections and Response to Defendants' Request for Attorneys' Fees* (CR

Melissa Bellan;

(c) the El Paso Court of Appeals' holding in *Alphonso v. Deshotel*, 417 S.W.3d 194, 201 (Tex.App.–El Paso 2013, no pet.), that an attorney's affidavit concerning his client's attorney's fees must be admitted into evidence at a hearing on attorney's fees in order to be considered evidence of the attorney's fees;

(d) the plain language of Sec. 18.001(d) TCPRC (i.e., ***"[t]he party offering the affidavit in evidence* or the party's attorney must serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case"**), **which expressly contemplates that affidavits filed under Ch. 18 TCPRC must be *offered into evidence* in order to be considered as evidence**; and

(e) the cases cited above holding that a party's failure to introduce an affidavit concerning the reasonableness and necessity of its attorney's fees, which was previously filed, into evidence at a trial or hearing on a party's attorney's fees results in a failure to meet its burden of proof concerning its attorney's fees.

The trial court's holding that Appellant VAN SICKLE incurred attorney's fees, as contemplated under Sec. 27.009(a)(1) TCPRC, must be reversed because Appellant was wrongfully prohibited from presenting evidence to the contrary in the trial court.

When a party is wrongfully prohibited from obtaining and presenting evidence in a trial

---

at pp. 281-307);

(b) *Plaintiff's Supplemental Objections and Response to Defendants' Request for Attorneys' Fees and Response to "BOR Defendants' Brief on the Recovery of Attorneys' Fees Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code"* (CR at pp. 372-457); and

(c) *Plaintiff's Second Supplemental Objections and Response to Defendants' Request for Attorneys' Fees* (CSR3 at pp. 74-84).

court, appellate courts have held that the error is harmful and requires reversal of holdings made in the absence of the missing evidence. For example, in reversing a trial court's judgment in *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 666-667 (Tex. 2009), **the Texas Supreme Court held that the trial court abused its discretion in denying a party's request to either depose former jurors or question them under oath before the trial court.** In this regards, the Texas Supreme Court stated:

> "First, while Ford interviewed some of the jurors, it did not have the opportunity to question the presiding juror while she was under oath and required to respond under penalty of perjury. See e.g. Tex.R.Civ.P. 176.6, .8 (requiring a nonparty to comply with a discovery subpoena subject to being held in contempt of court); Tex.R.Civ.P. 199.5(b) (requiring a person whose deposition is taken to be placed under oath); Tex.Penal Code § 37.02 (providing that it is a criminal offense to make a false statement under oath). Additionally, **when discovery is denied and because of the denial the evidence sought does not appear in the record, determining harm from the denial is impossible and the party is prevented from properly presenting its case on appeal.** See *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex.1990) (orig. proceeding) ('[T]he protective order shields the witnesses from deposition and thereby prevents the evidence from being part of the record. Therefore, it would be impossible to determine on appeal if the denial were harmful error.') *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984) (orig. proceeding). **The lack of direct evidence about whether the presiding juror was subjected to outside influence probably prevented Ford from properly presenting its case on appeal. Accordingly, the trial court's abuse of discretion in denying discovery was harmful. See Tex.R.App.P. 44.1(a).**"

*Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 666-667 (Tex. 2009).

Because the trial court wrongfully prohibited Appellant from cross-examining VAN SICKLE's attorney Melissa Bellan (SRR at 33:5-38:11) concerning whether VAN SICKLE had a written attorney fee agreement which VAN SICKLE did not produce in response to discovery (but the existence of which was revealed by Melissa Bellan during the hearing on VAN

SICKLE's attorney's fees[23]) and whether VAN SICKLE was liable for any attorney's fees thereunder, the evidence sought by Appellant does not appear in the record, and Appellant was prevented from properly presenting his case on appeal, which constitutes a harm to Appellant that can only be remedied by setting aside the award of attorney's fees to VAN SICKLE, remanding the case to the trial court, ordering VAN SICKLE to produce his attorney fee agreement to Appellant, and permitting Appellant to cross-examine Melissa Bellan.

The trial court and the court of appeals erred in concluding that an award of attorney's fees under Sec. 27.009(a) TCPRC is mandatory and this holding is inconsistent with a prior holding of another Texas court of appeals.

This Court's holding in its *Opinion* of December 3, 2014 (at p. 22) that an award of attorney's fees to a defendant who has successfully brought a motion to dismiss under Sec. 27.009(a) TCPRC is mandatory is inconsistent with the Austin Court of Appeals' decision in *Combined Law Enforcement Association v. Sheffield*, __ S.W.3d __, 2014 WL 411672, at p. 11 (Tex.App.–Austin 2014, pet. filed), holding that an award of attorney's fees to a defendant who has successfully brought a motion to dismiss under Ch. 27 TCPRC is *not mandatory* under Sec. 27.009(a) TCPRC:

> While the introductory language of [Sec. 27.009(a) TCPRC] uses the seemingly mandatory term "shall award," the subsequent language tempers the conditions for making an award with discretionary terms like "justice" and "equity" and "sufficient to deter." Id. A trial court may decide that justice and equity do not require that costs, fees, or expenses be awarded and may determine that no sanctions are needed to deter the plaintiff from bringing similar actions. These provisions do not mandate an award and do not violate the open-courts guarantees on their face. As no fees were awarded, the provisions as applied here did not violate the open-courts provisions.

---

[23] SRR at 29:8 and 88:6.

If this Court is going to render an opinion that directly contradicts the prior holding of another Texas court of appeals concerning the same statutory provision, it should do so en banc rather than through an opinion issued by a three judge panel.

WHEREFORE, PREMISES CONSIDERED, Appellant BALTASAR D. CRUZ prays that this Court:

(a) reconsider en banc the portions of Appellant's appeal discussed above;

(b) withdraw its *Opinion* of December 3, 2014;

(c) issue a new opinion en banc, addressing the issues discussed above, for the reasons stated herein;

(d) reverse the trial court's rulings and/or remand this case for further proceedings consistent with this motion; and

(e) grant Appellant all other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ Baltasar D. Cruz
Baltasar D. Cruz
Texas Bar No. 05196150
P.O. Box 600823
Dallas, Texas 75360
Telephone: (214) 369-9058
Telecopier: (732) 875-0792
e-mail: BaltasarDCruz@aol.com

APPELLANT PRO SE'

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 26th day of January, 2015, a complete and accurate copy of this document was served, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, upon:

Melissa J. Bellan
Texas Bar No. 24040506
P.O. Box 570708
Dallas, TX 75357

Charles L. Babcock
Nancy W. Hamilton
Angeles Garcia
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, TX 77010

/s/ Baltasar D. Cruz
Baltasar D. Cruz